MATTHEW JOHN BAYER, Respondent, v. COMMONWEALTH TRUST COMPANY, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. BANKS AND BANKING: Rules Governing Depositors. Under the provisions of the statute relating to savings banks, a bank organized thereunder has the power to make reasonable rules governing the conduct of its business with its depositors. The rules of defendant company are examined and approved as being reasonable. *Held*, however, that it did not follow that these rules could be arbitrarily enforced in every instance before a depositor could withdraw his money.

2. ———: ———: Right to Require Bond in Case of Lost Pass Book. Plaintiff, after making a deposit in a savings bank, lost his pass book. The bank refused to pay the amount on deposit unless plaintiff would furnish a bond indemnifying the bank against loss, this provision being one of the rules of the

Bayer v. Trust Co.

bank and was printed on the pass book. The only security obtainable by plaintiff was refused by the bank. In a suit for the deposit, *held* that the bank could not arbitrarily enforce its rule requiring a bond in case of a loss of a depositor's pass book where there was no question as to the identity of the depositor. *Held, further*, that the evidence in this case would justify the finding that the security offered by the plaintiff was sufficient.

3. ————: ————: ————: **Where a Depositor is Not Known.**—Where a savings bank has a rule requiring an indemnifying bond to be given in case a depositor loses his pass book, as a condition precedent to paying the deposit, the rule can be enforced in case there is any question as to the identity of the depositor, for in such case it would protect the bank in the event a mistake had been made in the identity of the depositor.

4. ————: ————: ————: **Where Depositor is Known: Pass Book Not Negotiable.**—A bank depositor's "pass book" is not negotiable, hence, if a bank pays the amount deposited as shown by the pass book, to the rightful depositor before receiving notice of the transfer of the pass book, such payment would be an absolute protection to the bank against any demand that might subsequently be made by one having the pass book in his possession; and the rule of the bank requiring an indemnifying bond from the depositor in case his pass book is lost, as a condition precedent to paying his deposit, cannot be enforced if the identity of the depositor is not questioned.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Bryan & Christie, H. R. Small* and *Alroy S. Phillips* for appellant.

(1) The rules and regulations of defendant trust company constituted a valid and binding contract governing the relations between it and the plaintiff. Such rules and regulations are necessary because of the nature of defendant's business. Kelly v. Bank, 180 N. Y. 176; Sullivan v. Savings Inst., 56 Me. 507; Langdale v. Bank, 121 Ga. 108; Appleby v. Bank, 62 N. Y. 17.

Burrell v. Bank, 92 Pa. 138; Levy v. Bank, 117 Mass. 450; R. S. 1899, secs. 1450, 1452; State ex inf. v. Trust Co., 144 Mo. 585. (2) The regulation providing that if a pass book is lost the deposit will not be paid without satisfactory proof of loss and satisfactory indemnity is reasonable, and may be enforced. 5 Cyc. 608; Zane on Banks and Banking (1900), 639, 648; Morse on Banks and Banking (4 Ed.), par. 620d; Mills Exr. v. Bank, 28 N. Y. Misc. 251; Mitchell v. Bank (N. Y.), 38 Hun 255; Wall v. Inst. Savings (Mass.), 3 Allen 96, 6 Allen 320; Heath v. Bank, 46 N. H. 78; Crone v. Stinde, 156 Mo. 262; R. S. 1899, sec. 745. (3) Under the facts plaintiff agreed to be bound by such rules and regulations, which became the contract governing the relations between plaintiff and defendant. Chase v. Bank, 77 Conn. 299; Gifford v. Bank, 63 Vt. 113; Hayden v. Bank, 15 Abb. Pr. N. S. 297; Eaves v. Bank, 27 Conn. 229; Donlan v. Inst. Savings, 127 Mass. 183; 69 L. R. A. 324; Rothschild v. Frensdorf, 21 Mo. App. 318; Gwin v. Waggoner, 98 Mo. 315.

*Anthony Hochdorfer* for respondent.

COX, J.—Defendant operates a savings bank, and plaintiff had deposited therein thirty-three dollars, and received from defendant a pass book showing the amount of his deposit and containing a copy of the rules of the defendant. Plaintiff afterward claimed to have lost his pass book, notified defendant of that fact and demanded the return of his money. Defendant refused to pay unless plaintiff would execute a bond as provided by their rules. Plaintiff made some effort to procure this bond, offering as surety thereon, one John Hermanns, a jeweler, located at 2012 Salisbury street. Defendant asked for a report upon Hermanns from Bradstreet, and on receipt of same refused to accept Hermanns as surety on the bond. No further bond was offered, and plaintiff sued before a justice of the peace

for recovery of his money. He obtained judgment there, and, upon appeal to the circuit court, trial was had before the court without a jury who again found for plaintiff, and defendant has appealed.

The question to be decided in this case is whether or not the defendant was justified, under the circumstances, in refusing the payment until bond of indemnity should be furnished. The appellant contends that the rule requiring bond to be given in such a case is an absolute one and bond must be furnished before defendant could be required to repay. Upon this question we find no adjudications in this State. The provisions of the statute relating to the organization of savings banks so far as applicable to this question are as follows:

"Section 1445—Corporations may be created under this article: First, for the purpose of receiving, for accumulation and safe keeping, any deposits of money from any persons, corporations or society, and investing, holding and repaying the same, crediting and paying interest thereon, as in this article authorized and provided and not otherwise."

"Section 1450 . . . . . . Deposits shall be paid to depositors, or their representative, when requested, under such regulations as the board of directors may prescribe, not inconsistent with the provisions of this article, which regulations shall be printed and conspicuously posted in all places where deposits are received, accessible and visible to all depositors; . . ."

"Section 1452—A pass book shall be issued to each depositor, containing the rules and regulations adopted by the board of directors governing deposits, in which book shall be entered each deposit made by, and each payment made to, such depositor; and no payment or check against any such savings account shall be made unless accompanied by and entered in the pass book issued therefor, except for good cause and on assurances satisfactory to the officers of the bank. . . . . . .

The directors may provide for making payments in case of loss of pass book, or other exceptional case, where its production may produce loss or serious inconvenience to the parties. . . . . . "

It is apparent from these provisions of the statute that defendant was empowered to make reasonable rules governing the conduct of its business with its depositors and under these provisions of the statute, the defendant, in this case, had promulgated certain rules among which we find the following:

"Money on deposit will be paid to the depositor personally, or to any other person holding the depositor's written order, duly witnessed, or power of attorney, duly authenticated. In either instance, the pass book must be presented, in order that payment may be entered therein, provided, however, that payments may be made without the production of the pass book, if the depositor shall prove to the satisfaction of the Executive Committee that his book has been lost, stolen or destroyed, and shall give to the company a written discharge, with satisfactory indemnity against loss, for any payment made without the production of said book."

"As the officers of the company may not be able to identify every depositor, and as the possession of the depositor's pass book may, if in improper hands, tend to mislead the officers in making payments, payments made by the company to one holding the pass book shall be binding on the owner of the book, unless such owner has, prior to such payment, notified the company in writing that his book has been lost, stolen or destroyed, and requested the company not to make payments on presentation of such book."

It seems clear to us that these rules are reasonable and were designed to protect the defendant against loss by payment of money to wrong party, but it does not follow that these rules could be arbitrarily enforced and a compliance with them to the letter required in every

instance before a party could withdraw his money. The very purpose of the organization of savings banks is to accommodate people of small means, and it goes with out saying that many of these people might be unable to furnish bond at all, and, hence, if the rule requiring an indemnity bond to be given before the repayment of money in case of the loss of a pass book was a condition precedent to be complied with in all cases, many instances would arise in which the party would be compelled to lose his money, and the defendant would be enriched to that extent. The evident intent of the provisions of the statute above quoted was to place it in the power of institutions of the character of this defendant to protect themselves against imposition and loss, but they must receive a reasonable construction and the rules adopted under them must also receive a reasonable construction, and when it is clear that the purpose to be accomplished by them, which is the security to defendant against loss, can be fully accomplished without requiring the production of a bond, then they should not be permitted to withhold the money because the bond is not furnished.

The reason which justified the adoption of the rule requiring bond before payment of money, after the loss of a pass book, is the necessity for protecting defendant against the possibility of being compelled to again pay should some other person produce the pass book. It logically follows that when, in a given case, the defendant has no reason to fear that any loss might occur in that way then there would be no reason for requiring the bond. These pass books are not negotiable, hence, if the amount deposited was paid to the person who deposited it before receiving notice of the transfer of a pass book, such payment would be an absolute protection to the defendant against any demand that might subsequently be made by one having the pass book in his possession, so that the real necessity for requiring bond in such a case would be to pro-

tect the bank in case a mistake was made in the identity of the person to whom they were paying the money. In this case there was no question about the identity of the depositor. The officers of defendant were fully satisfied that he was the right party and that his pass book had been lost or stolen, and under these conditions it would seem entirely useless to require the depositor to give a bond to protect the defendant against a repayment of the money when no such contingency could be made possible. Had there been any question as to the identity of the depositor, then, in that event, the right of defendant to insist on the bond of indemnity would have been absolute and plaintiff could not, and ought not, to have recovered the money until the bond was furnished, but under the evidence in this case, the court was justified in holding that the bond should not have been required.

The evidence in this case shows that the plaintiff offered to furnish the bond and offered as security his relative, John Hermanns, whom the evidence shows had been in business for several years, and even the report furnished to defendant by the Bradstreet agency showed his estimated stock to be worth from eight hundred to one thousand dollars, and this all being personal property, being located in the city and its owner having been in business for twelve or fifteen years, it may be, and probably is, a fact that the trial judge who heard the testimony thought the security offered by the plaintiff was sufficient and ought to have been accepted by the defendant, and, if so, the evidence in this case was sufficient to sustain that finding, and as no declarations of law were asked or given, we are warranted in assuming that he found for plaintiff for the reason just assigned.

The finding of the trial court was justified upon either of the above grounds, and his judgment will be affirmed. All concur.